(114 App. Div. 834)

## COMESKY v. BLACKLEDGE.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

TOWNS—CONTRACTS—POWERS OF OFFICERS—EMPLOYMENT OF ATTORNEY.

Town Law, Laws 1890, p. 1235, c. 569, § 172, provides that the electors of a town may on application of a certain number of freeholders establish a board of town auditors independent of the town board. Section 180, sub-sec. 7 (page 1237), in relation to what constitutes town charges, enumerates expenses lawfully incurred by any town officer in prosecuting or defending any action where the officer is instructed to so prosecute or defend by resolution of the town board, and section 174 (page 1236), enumerating the powers conferred upon town auditors, provides that they shall have the powers of the town board in receiving, auditing, and rejecting claims. *Held*, that the board of town auditors had authority to retain an attorney to defend claims being prosecuted against the town.

Appeal from Special Term, Westchester County.

Petition by Frank Comesky for a writ of mandamus to compel Augustus A. Blackledge, as supervisor of the town of Orangetown, to pay certain claims allowed petitioner by the board of town auditors. From an order directing the issuance of the writ, respondent appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Abram A. Demarest, for appellant.
Frank Comesky, in pro. per.

HOOKER, J. This is an appeal from an order of the Special Term directing that a peremptory writ of manadmus issue requiring the defendant, Blackledge, to pay to the petitioner certain claims audited and allowed by the board of town auditors of the town of Orangetown, Rockland county, of which town the defendant, Blackledge, was a supervisor. The town of Orangetown had, pursuant to section 172 et seq. of the town laws (Laws 1890, p. 1235, c. 569), established for itself a board of town auditors independent of the town board of that town. The petitioner in the year 1904 had been employed by the board of town auditors to act as counsel for the board at an annual town audit. At that meeting several claims against the town, aggregating large sums, were presented. Upon the advice of the relator, the board of town auditors audited the claims and rejected the major part thereof. Thereafter the claimants or their assignees brought writs of certiorari to review the action of the town board in that respect. The relator appeared for the board of town auditors, and caused all of those proceedings to be dismissed. For such services as he rendered to the board of town auditors the relator presented claims aggregating $650,

which were, at its annual meeting of 1905, audited by the board of
town auditors and allowed, and a tax for the payment of this amount
was levied by the board of supervisors. The collector collected the
tax and turned the same over to the supervisor, the appellant herein,
of whom the relator demanded payment of the amount allowed him
by the board of town auditors. Blackledge, the supervisor, refused to
pay, and this writ was sued out.

The appellant, Blackledge, quotes section 180 of the town law, and
asserts that, inasmuch as the relator's retainer to act for the board of
town auditors was not authorized by the town board, the sum he has
claimed by way of compensation is not a proper town charge. The
section provides:

"The following shall be deemed town charges: * * * (7) The costs and
expenses, lawfully incurred by any town officer, in prosecuting or defending
any action or proceeding brought by or against the town or such officer for
an official act done, shall be a town charge in all cases where the officer is re-
quired by law to so prosecute or defend, or to do such act, or is instructed
to so prosecute or defend, or do such act, by resolution duly adopted by the
town board, or at a town meeting duly held. * * * "

The appealing supervisor herein adds that nowhere by law is the
board of town auditors required to defend certiorari proceedings
brought against it to review its audit, and points to the fact, established
by the affidavits, that there was no resolution duly adopted by the town
board, or at a town meeting duly held, instructing this board of town
auditors to defend the certiorari proceedings referred to. Hence, he
says that the claim of the relator is not a valid charge against the town,
and that the moneys he held, raised by taxes on the taxable property of
the town, should not be dissipated by payment to the relator.

We find, however, a provision in another section of the town law
which it seems to us gave to the board of town auditors abundant au-
thority to employ the relator for the purpose of contesting what later
developed to be unlawful claims against the town. Section 174 of the
town law enumerates the powers conferred upon town auditors, and
provides that, with respect to auditing, allowing, or rejecting accounts,
charges, claims, or demands against the town, and in collateral matters,
the powers of the town board shall be exercised by the board of town
auditors, "and with respect to the powers so conferred, and the duties
so imposed, they shall be the town board of the town during their con-
tinuance. * * * " It can hardly be denied that had there been no
board of town auditors the town board itself had the power to employ
counsel to resist proceedings to compel payment of claims which had
been rejected by it; especially in cases where the appointment of the
attorney had been made by resolution duly adopted by the town board.
As we read section 174, the board of town auditors had in this regard
the same power as would have been possessed by the town board in
case no board of town auditors had existed, for it is there provided
that, "with respect to the powers so conferred, and the duties so im-
posed, they [the board of town auditors] shall be the town board of
the town during their continuance." These powers and duties are
specifically enumerated in that section to be "the powers of the town
board of that town with respect to auditing, allowing, or rejecting,"

claims, etc., and the "examination, auditing, and certification of the accounts of town officers." The board of town auditors had the same power with respect to this matter as those possessed by the town board, and its resolution to employ an attorney to resist allowances of these claims against the town was quite as valid as a resolution of the town board itself would have been, in case no board of town auditors had existed, to employ an attorney to resist claims against the town.

The views that we have expressed lead us to the conclusion that the charge was valid against the town, and the supervisor should pay over to the parties for whom it was intended the money that has been collected and placed in his hands.

The order appealed from must therefore be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.